980 F.2d 735
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Scott Emil SPINA, Appellant.
 No. 92-2631.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 9, 1992.
Filed: November 19, 1992.
 
 Before FAGG, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 After Scott Emil Spina pleaded guilty to aiding and abetting the manufacture of marijuana plants in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), the district court sentenced him to imprisonment for forty-six months. Spina appeals his sentence, and we affirm.
 
 
 2
 The probation officer who prepared Spina's presentence report (PSR) recommended an offense level of 24 based on eighty-seven marijuana plants discovered in five contiguous marijuana patches along a peat berm in Lake of the Woods County, Minnesota. See U.S.S.G. § 2D1.1(c)(10) (80 to 100 kilograms of marijuana); id. § 2D1.1(c) endnote *(A) (treating each marijuana plant as equivalent to one kilogram of marijuana for offenses involving fifty or more plants).
 
 
 3
 Spina objected and requested an evidentiary hearing. At the hearing, a Lake of the Woods deputy testified he had discovered the five patches, which were between twenty and fifty yards apart and connected by heavily used trails. The five patches contained a total of eighty-seven marijuana plants. Spina testified that he had only two marijuana patches growing along the edge of the peat berm and two others forty to seventy yards southwest of the berm. Spina admitted these patches contained a total of forty-five plants and had informed the officers of this when they arrested him.
 
 
 4
 The district court found Spina's testimony less than fully credible, decided that Spina had cultivated all five patches along the peat berm, and held Spina responsible for a total of eighty-seven marijuana plants. The court found it unlikely that another person cultivated the three marijuana patches in such close proximity to the two patches Spina admitted planting.
 
 
 5
 On appeal, Spina contends: (1) the evidence did not support the district court's finding that he was responsible for eighty-seven plants; (2) his admission that he had planted forty-five plants was a statement against interest and entitled to great weight; and (3) the officers failed to distinguish between "volunteer" plants and cultivated plants.
 
 
 6
 The Government has the burden of proving drug quantity by a preponderance of the evidence. United States v. Malbrough, 922 F.2d 458, 464 (8th Cir. 1990), cert. denied, 111 S. Ct. 2907 (1991). We review a district court's finding of drug quantity for clear error. United States v. Nash, 929 F.2d 356, 358 (8th Cir. 1991). Under this standard, the factfinder's choice between two permissible views of the evidence cannot be clearly erroneous. Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985). Having reviewed the record, we conclude the district court's finding that Spina was responsible for cultivating eighty-seven marijuana plants is not clearly erroneous.
 
 
 7
 We also reject Spina's contention that his statement he had cultivated forty-five plants was against his penal interest and thus entitled to greater weight. We agree with the district court that Spina had an interest in minimizing the number of plants for which he would be held responsible. Finally, the record contradicts Spina's contention that the officers failed to distinguish between cultivated and volunteer plants.
 
 
 8
 Accordingly, we affirm.